OPINION
Defendant Nick Six appeals a judgment of the Lancaster Municipal Court, Fairfield County, Ohio, which convicted and sentenced him for one count of driving with a prohibited concentration of alcohol in his blood in violation of R.C. 4511.19
(A)(2); one count of driving under suspension in violation of R.C. 4507.02; and one count of flight in violation of R.C.2921.331, after appellant pled no contest. Appellant originally pled not guilty, but changed his plea after the court overruled his motion to suppress evidence gathered at the time of his arrest. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT IMPROPERLY DENIED THE DEFENDANT'S MOTION TO SUPPRESS WHERE THE ARREST OF THE DEFENDANT OCCURRED PRIOR TO PROBABLE CAUSE TO BELIEVE THAT HE HAD COMMITTED THE OFFENSE OF OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL.
 II. THE TRIAL COURT IMPROPERLY ADMITTED TESTIMONY AND EXHIBITS RELATING WHERE THE PERSON CONDUCTING THE BLOOD ALCOHOL TEST TO THE DEFENDANT'S BLOOD ALCOHOL TEST DID NOT TESTIFY.
At the hearing on the motion to suppress, the State presented evidence Trooper Michael Courtney of the Ohio State Patrol observed appellant weaving excessively in his lane and leaving his lane on the left and right sides on several occasions, sometimes by very little, sometimes by a foot or two across the line. Trooper Courtney followed appellant for approximately one mile, then put on his overhead light to effect a traffic stop. Appellant continued to travel eastbound, weaving inside his lane, as well as across the lane lines as his speed varied from 35 to 60 m.p.h. in a 55 m.p.h. zone. Appellant traveled approximately two miles before he eventually came to a stop after Trooper Courtney twice used his P.A. system to order him to pull over.
Trooper Courtney testified appellant appeared very dazed and was unresponsive after the stop. The trooper testified appellant had a very strong order of alcohol on his breath and admitted having two or three beers at a friend's house. Appellant performed poorly on the field sobriety test and was taken to Fairfield Medical Center where appellant gave a blood sample for chemical testing.
The trial court had to re-schedule the hearing on the motion to suppress twice. On both occasions the hearing did not go forward, the State alleges it had all of its witnesses subpoenaed, present, and prepared to testify. At the hearing on the motion to suppress, however, Chemist Jeffrey Turnau, who performed the tests on appellant's blood was unavailable, so the State determined it would present the blood test evidence through its witness Paul Boggs, Turnau's supervisor at the Crime Lab. Over objection, the court permitted Boggs to testify regarding the chemical test performed on appellant's blood.
 I
Appellant first argues the trial court should have suppressed the evidence because the officer lacked probable cause to believe appellant had committed the offense.
In Beck v. Ohio (1964), 379 U.S. 89, the United States Supreme Court defined probable cause as whether, at the moment the arrest was made, the facts and circumstances within the officer's knowledge and of which the officer had reasonable trustworthy information were sufficient to warrant a prudent person to believe the accused had committed the offense. Appellant argues the trooper placed him under arrest for DUI shortly after appellant had exited his vehicle and before the trooper had administered the field sobriety test. Appellant argues at the time the officer made the arrest, he lacked probable cause to believe appellant was driving while under the influence of alcohol.
As the State points out, appellant failed to comply with the audible and visual signals to pull his vehicle to the side of the road, had driven erratically for some two to three miles after the officer had first signaled appellant to stop his vehicle, weaved within and outside his lane and drove at widely varying speeds, emitted a strong odor of alcohol, and appeared dazed and unable to answer the officer's questions, all of which entitled the officer to believe appellant was guilty of a traffic offense. As the State points out, even if Trooper Courtney did not have probable cause to believe appellant was under the influence of alcohol, the officer had already observed appellant sufficiently to give probable cause to make an arrest for failure to comply with a police officer.
We have reviewed the record, and we find the record is replete with evidence that the trooper was warranted in placing appellant under arrest because at the time of the arrest, the trooper had ample facts and circumstances to warrant the trooper's conclusion appellant had committed an offense for which arrest was appropriate.
The first assignment of error is overruled.
 II
In his second assignment of error, appellant argues the court should have not admitted testimony and exhibits relating to his blood alcohol test because the State did not call the chemist who performed the test. Appellant argues although the court did not state on the record why it was permitting Boggs to testify regarding the test done by Turnau, the record appears to substantiate a claim the evidence was admitted under the business records exception of Evid. R. 803 (6).
Appellant urges because the violation of which he was charged is a per se violation, a higher level of scrutiny is necessary to insure the accuracy of the test, see Newark v. Lucas (1988),40 Ohio St.3d 100. The State must show substantial compliance with the Ohio Administrative Code Regulations before the court may rule the results of the test to be admissible. Appellant argues without the testimony of the person who actually conducted the test, he was prohibited from cross-examining one of the State's key witnesses who would substantiate whether the test was properly administered.
The State responds Boggs was qualified to testify and identify the lab report records and was able to testify to their authenticity and to the method in which the records are maintained and compiled. Boggs testified as to the routine procedure used by his laboratory.
As the Supreme Court noted in Newark v. Lucas, supra, the results of the chemical test of the bodily substance is not only an element of the proof of the offense, but the accuracy of the test is crucial to a determination of guilty or innocence in perse violation prosecution, Newark at 103, citations deleted.
While the State is correct in maintaining Boggs was competent to testify as to the method in which tests are generally administered, Boggs could not testify regarding the methodology used in performing the particular test on appellant's blood. Appellant could not cross examine Boggs regarding the specific test. Thus, we conclude the State failed to meet its burden of presenting a foundation for admitting the results of the test on appellant's blood.
The second assignment of error is sustained.
For the foregoing reasons, the judgment of the Municipal Court of Lancaster, Fairfield County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to that court with instructions to sustain the motion to suppress evidence of the blood test, and to proceed in accord with Ohio law and consistent with this opinion.
By Gwin, J., Farmer, P.J., concur.
Hoffman, J., concurs in part and dissents in part.